**AMERICAN STEAMSHIP COMPANY, Plaintiff,**

v.

**SEAFARERS WELFARE PLAN and David Piper, Defendants.**

**Civ. A. No. 91–71896.**

United States District Court, E.D. Michigan, S.D.

Nov. 20, 1992.

Thomas W. Emery, Garan Lucow, Detroit, Mich., for plaintiff.

Duane F. Ice, Miller Cohen, Southfield, Mich., Leonard C. Jacques, Detroit, Mich., for defendants.

## ORDER DENYING DEFENDANT PIPER'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT PIPER'S MOTION FOR SANCTIONS, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS

GADOLA, District Judge.

Plaintiff American Steamship Company filed its complaint for declaratory judgment April 26, 1991. Defendant Seafarers Welfare Plan answered June 4, 1991; and defendant Piper answered July 15, 1991. Defendant Piper filed a motion for summary judgment November 6, 1991, and a motion for sanctions December 2, 1991. Plaintiff filed a response to those motions January 29, 1992.

On January 31, 1992, a stipulation and order was filed which dismissed the complaint with prejudice against defendant Seafarers Welfare Plan and without prejudice against defendant Piper. Thus, the entire case was dismissed with the January 31, 1992 order. On March 3, 1992, plaintiff moved for reinstatement of the case; and on June 11, 1992, the court granted the motion and reopened the case.

Defendant Piper's motions for summary judgment and for sanctions, as well as plaintiff's response to those and its own motion for sanctions, were then scheduled for oral argument November 18, 1992. However, pursuant to LR 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the parties have been notified that no oral argument will be heard.

## BACKGROUND FACTS

This action was brought pursuant to 28 U.S.C. § 2201 to determine whether plaintiff is responsible for the payment of certain medical bills incurred by defendant Piper under the maritime doctrine of cure.

Defendant Piper was employed by plaintiff as a deckhand aboard the *M/V Indiana Harbor*, a vessel owned and operated by plaintiff American Steamship Company. On September 1, 1990, or September 3, 1990, he was returning to the vessel in the early morning hours in the company of a fellow seaman. Defendant attempted to board the vessel using the ship's ladder. In doing so, he fell from the ladder and suffered severe bodily injury. It is undisputed that defendant Piper had been drinking prior to the accident. Defendant Piper contends that the ship's boarding ladder was defective. Defendant's brief in support of motion for summary judgment at 1. However, plaintiff contends that the ladder was not defective. Plaintiff's response brief at 7.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th

Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## APPLICABLE LAW

In general, courts have been generous in awarding injured seamen maintenance and cure, even in situations where the injuries were caused by the seaman's own negligence or misconduct. This general rule reflects the paternalistic notion that a shipowner is responsible for its crew much like a parent is for his or her child.

The rule was established by the United States Supreme Court in *Aguilar v. Standard Oil Co.,* 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943).

> So broad is the shipowner's obligation, that negligence or acts short of culpable misconduct on the seaman's part will not relieve him of the responsibility.... Only some willful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of his protection.

*Id.* at 730–31, 63 S.Ct. at 934 (citations omitted).

The Court expounded upon the *Aguilar* holding six years later in *Farrell v. United States,* 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949).

> Aside from gross misconduct or insubordination, what the seaman is doing and why and how the seaman sustains injuries does not affect his right to maintenance and cure, however decisive it may be as to claims for indemnity or for damages for negligence.

> It has been the merit of the seaman's right to maintenance and cure that it is so inclusive as to be relatively simple and can be understood and administered without technical considerations. It has few exceptions or conditions to stir contention, cause delays, or invite litigation. The seaman could forfeit the right only by conduct whose wrongful quality even simple men of the calling would recognize—insubordination, disobedience to orders, and gross misconduct. On the other hand, the master knew he must maintain and care for even the erring and

careless seaman much as a parent would a child.

*Id.* at 516, 69 S.Ct. at 709–10.

The Court later determined that a seaman's behavior rises to the level of gross misconduct when it is "positively vicious conduct." *Warren v. United States,* 340 U.S. 523, 528, 71 S.Ct. 432, 435, 95 L.Ed. 503 (1951).

Some lower courts have determined that a seaman's voluntary intoxication rises to the level of gross misconduct. In *The S.S. Berwindglen,* 88 F.2d 125 (1st Cir.1937), the court denied an intoxicated seaman's claim for maintenance and cure for injuries he suffered after falling from a ship's ladder. Also, in *Barlow v. Pan Atlantic S.S. Corp.,* 101 F.2d 697 (2d Cir.1939), the court denied an intoxicated seaman's claim for injuries he sustained after falling from the ship's ladder. The courts in both *Berwindglen* and *Barlow* expressly noted that the ladder from which the complaining seaman fell was in perfect condition and well lighted. *Berwindglen* implied, and *Barlow* expressly found, that the seaman's injuries occurred solely as a result of his intoxication, not because of any negligence on the part of the shipowner.

In *Bentley v. Albatross S.S. Co.,* 203 F.2d 270 (3d Cir.1953), a seaman who was intoxicated when injured brought a claim for maintenance and cure for injuries suffered after he collapsed on an uncovered radiator. The court found that the ship was unseaworthy and that the shipowner was negligent for failing to cover the hot radiators. Because the ship was deemed unseaworthy, the court found

> [T]he vessel and her owner are liable to an indemnity for injuries suffered by seaman in consequence of the unseaworthiness of the ship or a failure to supply and keep in order its appurtenant appliances and equipment; the warranty of seaworthiness '... is essentially a species of liability without fault....'

*Id.* at 271 (citation omitted). Consequently, "neither assumption of risk nor contributory negligence bar[s] recovery of indemnity by the injured seaman; contributory negligence merely serves to mitigate damages." *Id.* at 272. Furthermore, the court found

> It is true that in a number of cases intoxicated seamen have been denied recovery of damages in maintenance and cure because they were intoxicated at the time of their injury, but an analysis of these cases discloses the absence of unseaworthiness or negligence on the part of the vessel as a factor in the situation.... Further, it is crystal clear that the libelant here would not have suffered his injuries except for the vessel's unseaworthiness (he would not have been burned); a circumstance absent in the other cases.

*Id.* at 273.

## ANALYSIS

■ In the instant action a genuine issue of material fact remains regarding whether the injuries defendant Piper suffered were a result solely of his intoxication. Defendant Piper alleges in both his complaint and his motion for summary judgment that the ship's ladder was defective, an allegation which plaintiff vehemently denies. Because the ship's seaworthiness is in question, the court must deny defendant's motion for summary judgment.

Both defendant and plaintiff have requested sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The court finds that neither party has violated the dictates of Rule 11; thus, both motions will be denied.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendant's motion for sanctions is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions is DENIED.